| | |
|---|---|
| STATE OF SOUTH CAROLINA<br><br>COUNTY OF CHARLESTON<br>**CHARLES LEE AND SUSAN CANTOS LEE,**<br><br>　　　　　　　　Plaintiffs,<br>v.<br><br>**JAYCO, INC. AND HOLIDAY KAMPER COMPANY OF COLUMBIA, LLC d/b/a CAMPING WORLD RV SALES**<br><br>　　　　　　　　Defendants. | IN THE COURT OF COMMON PLEAS FOR THE 9th JUDICIAL CIRCUIT<br>CASE NO: 2018-CP-10 - 5278<br><br><br>**COMPLAINT**<br>**(JURY TRIAL REQUESTED)** |

Plaintiffs Charles Lee and Susan Cantos Lee, complaining of Defendants, would allege as follows:

## PARTIES AND VENUE

1. Plaintiffs Charles Lee and Susan Cantos Lee (hereafter "Plaintiffs") are residents of Dorchester County, South Carolina.

2. Defendant Jayco, Inc. (hereafter "Jayco") is, upon information and belief, a foreign corporation organized and licensed under the laws of Indiana.

3. Defendant Holiday Kamper Company of Columbia, LLC d/b/a Camping World RV Sales (hereafter "Camping World") is, upon information and belief, a foreign corporation organized and licensed under the laws of Minnesota.

4. The RV was purchased at Camping World's store located at 8155 Rivers Avenue, North Charleston, SC 29406, which is in Charleston County, South Carolina.

5. Jurisdiction and venue are appropriate in this Court because the subject property was purchased in, and a majority of the work on the subject property was performed in, Charleston County, South Carolina.

## FACTUAL ALLEGATIONS

6. Plaintiffs purchased a used 2011 Holiday Rambler 32 PBS (hereafter the "first RV") from Camping World.



7. As problems with the first RV arose soon after its purchase, Plaintiffs were told by Camping World service and sales representatives that the only way to avoid all problems with their RV was to buy a brand new RV. The first RV was accepted for trade-in value of $103,500.00, of which, $99,458.65 was paid to the note holder on the first RV, Bank of the West.

8. Plaintiffs agreed to buy a new RV based on the representations made by Camping World's agents and employees regarding reliability of new versus used RVs.

9. Jayco advertises that its RVs are built "to handle every adventure" and are backed by an "industry leading" two year limited warranty that is supported by its "select partners."

10. Jayco's two year limited warranty covers defects in materials and workmanship for the earlier of twenty-four months or 24,000 miles from date of purchase.

11. Jayco also advertises that its RVs are covered by an additional industry-leading five year parts and labor coverage for the camping trailer lift system, roof, floor, and frame.

12. Plaintiffs relied on Jayco's representations regarding the warranty and quality of its RVs in deciding to purchase a Jayco RV.

13. Jayco contracts with and designates Camping World as an authorized dealer and warranty service provider.

14. On November 2, 2016, Plaintiffs purchased from Camping World a new 2017 Jayco 31UL Precept Class A Recreational Vehicle (hereafter "the RV" or "Plaintiffs' RV"), which is the subject of this action.

15. Plaintiffs' RV cost $148,995.00.

16. Plaintiffs financed the RV through Camping World at an interest rate of 6.25% over a period of 240 monthly payments. The total cost of the payments on the RV would be $260,036.75.

17. At the time of purchase, Plaintiffs pointed out that the driver's side seat belt was missing, the dashboard radio knob was missing, the bed lift was not working, the emergency brake was not working properly, and that the bed frame appeared damaged.

18. The Camping World salesman assured Plaintiffs at the time of purchase that these problems would be replaced and repaired.

19. Camping World promised work would be completed by November 12, 2016.

20. Work was completed on November 8, 2016.

21. On or about November 8, 2016, when Plaintiffs picked up the RV from Camping World, the passenger side seatbelt was moved to the driver side and not replaced. Other problems included a missing A/C fan control knob, malfunctioning entry door, and rear leveling jacks not working properly.

22. Camping World promised work would be completed by November 30, 2016.

23. Work was completed on or about November 17, 2016.

24. Plaintiffs pointed out that the passenger side seatbelt was missing and needed to be replaced now. The Camping World salesman or service technician scheduled a time for Plaintiffs to return the RV and have a passenger side seatbelt installed.

25. Plaintiffs brought the RV to Camping World as scheduled.

26. Camping World's service technician replaced the original seatbelt with a lower quality, non-swivel style seatbelt on the driver's side and installed a matching lower quality, non-swivel style seatbelt on the passenger's side.

27. The non-swivel style seatbelts installed by Camping World were not original Jayco equipment.

28. When purchasing a new Jayco RV, Plaintiffs had a right to receive a Jayco RV with original manufacturer equipment.

29. Plaintiffs pointed out to the Camping World salesman or service technician that the newly installed seatbelts did not match those of the Jayco model on the showroom floor.
30. The Camping World salesman or service technician assured Plaintiffs that the seatbelts in Plaintiffs' RV were the same as those on the showroom Jayco RV.
31. The Camping World salesman or service technician assured Plaintiffs that the entry door and rear leveling jacks were working properly and any perceived problems were caused by user error.
32. In December 2016 or January 2017, Plaintiffs contacted Jayco about the numerous ongoing problems with the RV to schedule repairs to be made at the factory in Indiana. Jayco informed Plaintiffs the first available appointment was August 2017.
33. On or about December 7, 2016, Plaintiffs took their RV to Camping World to fix problems with the emergency brake, malfunctioning driver's seat, malfunctioning kitchen/dining counter, malfunctioning leveling jacks, installation of a recall kit sway bar, leaking shower, shower wall buckling away from RV wall, 50 amp cord malfunctioning, radio malfunctioning, and entry door malfunctioning.
34. On January 26, 2017, Plaintiffs wrote a letter to Jayco and Camping World describing the ongoing problems and requesting proper repairs be made. This letter was sent USPS Certified Mail Return Receipt Requested.
35. Camping World promised work would be completed by March 22, 2017.
36. Camping World changed its promised work completion date to April 26, 2017.
37. Camping World's work order indicates that work was completed on March 20, 2017.
38. Plaintiffs' RV spent 103 days in Camping World's possession during this period.
39. On March 16, 2017, another word order was generated by Camping World for the following problems: shower leaking water all the way to driver seat, shower wall buckled, radio malfunctioning, and battery malfunctioning.

40. Camping World's promised work completion date was April 7, 2017.

41. Camping World's work order indicates that work was completed on March 31, 2017.

42. Plaintiffs' RV spent 15 days in Camping World's possession during this period.

43. On or about July 7, 2017, Plaintiffs took their RV to Camping World to fix a broken kitchen cabinet, missing cabinet drawer catch, failing table slide lock, malfunctioning bunk bracket cap, malfunctioning passenger seat swivel, improperly installed bed end tables, malfunctioning batteries.

44. Camping World promised to complete the work by July 25, 2017.

45. Camping changed its promised work completion date to July 26, 2017.

46. Camping World completed the work on July 26, 2017.

47. Plaintiffs' RV spent 18 days in Camping World's possession during this period.

48. On October 16, 2017, Plaintiffs took their RV to Camping World to have fixed the malfunctioning entry door shock, malfunctioning passenger seat swivel, malfunctioning dinette table lock, malfunctioning bed end table, loosened closet panels, malfunctioning 50 amp cord, problems with the passenger chair shield, kitchen wall trim separating, and malfunctioning leveling jacks.

49. Camping World promised to complete the work by October 21, 2017.

50. Camping World's work order indicates the work was completed on January 30, 2018.

51. Plaintiffs' RV spent 106 days in Camping World's possession during this period.

52. Repeatedly in the course of dealing with Camping World, Plaintiffs were told by salesmen, service technicians, or service managers that the problems they were experiencing were not real or untrue.

53. Camping World has taken the position that Plaintiffs are lying about or fabricating problems with the RV.

54. Plaintiffs tried again to schedule repairs to be completed by Jayco at the Jayco factory in Indiana, but were told that no appointments were available for several months.

55. On April 30, 2018, Plaintiffs took their RV to Jayco's factory in Indiana in the hopes of finally having all problems fully and properly addressed.

56. Plaintiffs incurred the expense of driving the RV from Summerville, South Carolina to Middlebury, Indiana and the expense of lodging while the RV was in the shop.

57. The following problems are listed on Jayco's work order: shower leaking, shower stall pulling away from wall, aftermarket seatbelts installed, closet door malfunctioning, leveling jacks malfunctioning, keyless entry malfunctioning, water leaking while adding water to fresh water tank ceiling above driver's seat falling, windshield wipers malfunctioning, emergency brake malfunctioning, lock assembly malfunctioning, damaged kitchen faucet and water filter housing.

58. The RV spent three days being repaired by Jayco.

59. Problems continued to arise with the RV and Plaintiffs were sent to Coastal RV, another Jayco authorized repair shop.

60. The RV spent approximately three weeks being repaired by Coastal RV for problems including a malfunctioning windshield wiper.

61. In September 2018, Plaintiffs evacuated their home in Summerville, South Carolina because of Hurricane Florence. They evacuated to Kentucky. Because the storm turned inland, Plaintiffs had to drive home through the storm.

62. During this trip, the driver's side seatbelt disconnected and rolled into its assembly, making it unusable.

63. During this trip, the driver's side windshield wiper continued to malfunction to the point it left black skid marks on the windshield and then finally separated from the windshield completely.

64. Plaintiffs had to drive from Kentucky to South Carolina, through the remaining storm bands of Hurricane Florence, without a driver's side windshield wiper or seat belt.
65. Plaintiffs attempted to take the RV to Coastal RV for repairs to the windshield wiper but Coastal RV declined to attempt repairs, saying the windshield wiper had a design flaw they could not fix.
66. Plaintiffs contacted Jayco yet again to ask for another repair appointment at the factory. Jayco did not have any availability until 2019.
67. Upon information and belief, Jayco instructed Coastal RV to offer Plaintiffs an appointment to repair the windshield wiper and other problems. Coastal RV has not offered Plaintiffs an appointment to date.
68. Plaintiffs' limited warranty expires November 2, 2018.
69. Because they could not get an appointment with Jayco or Costal RV, Plaintiffs took their RV to Camping World for further repairs before the warranty expired.
70. Plaintiffs' RV spent more than 260 days in the shop in the first 1.5 years of ownership.
71. Plaintiffs continued to make payments for the RV and RV insurance throughout this time, including the more than 260 days they did not have access to the RV because it was in the shop.
72. Plaintiffs were without use of the RV at all times it was in the shop for repairs.
73. Plaintiffs incurred numerous incidental expenses as a result of the ongoing problems with the RV, including alternate travel and lodging arrangements and transporting the RV to Jayco's factory for repairs.
74. Plaintiffs' RV was taken for repairs of the same problems multiple times.
75. Plaintiffs' RV continues to experience many of the same problems today.
76. Plaintiffs have requested refund or replacement of the RV from Defendants.

77. Defendants have refused to refund or replace Plaintiff's RV.

78. As a result of Defendants' actions, Plaintiffs have had to hire an attorney to represent them in this action.

## FIRST CAUSE OF ACTION
## (REVOCATION OF ACCEPTANCE)

79. Plaintiffs incorporate by reference the foregoing paragraphs.

80. Although Defendants Jayco and Camping World have repeatedly attempted to remedy the defects in Plaintiffs' RV, and although Defendants have repeatedly assured Plaintiff that these defects were either non-existent or had been repaired, the defects have not been repaired and Plaintiff has lost all confidence in Defendants' ability to remedy these defects in the RV.

81. The defects in Plaintiffs' RV substantially impair the value of the RV to Plaintiffs, and Defendants' warranties have failed their essential purposes in that Defendants have failed, after a reasonable number of attempts, to remedy these substantial defects in Plaintiffs' RV.

82. Plaintiffs hereby revoke acceptance of the RV, and Plaintiffs, at this point in time, will retain the RV until they have received a full refund of the purchase price, together with their consequential and incidental damages.

## SECOND CAUSE OF ACTION
## (BREACH OF CONTRACT)

83. Plaintiffs incorporate by reference the foregoing paragraphs.

84. Plaintiffs entered into a contract with Defendants Jayco and Camping World for the purchase of a recreational vehicle which was new, safe, comprised of original manufacturer equipment, and could be operated and used dependably in the State of South Carolina.

85. Defendants Jayco and Camping World failed to sell to Plaintiffs an RV which was new, safe, comprised of original manufacturer equipment, and could be operated and used dependably in the State of South Carolina.

86. As a result of the breach of contract by Defendants Jayco and Camping World, Plaintiffs have been damaged in that they have lost the benefit of the bargain they made with Defendants, they have had to pay interest on a debt for the RV, they have paid more for the RV than what it is worth, they have lost the use of the RV, they have lost money paid on taxes and insurance, and they have had to cover actual, consequential, and incidental damages along with the costs and disbursements of this action.

### THIRD CAUSE OF ACTION
### (VIOLATION OF MAGNUSON-MOSS WARRANTY ACT)

87. Plaintiffs incorporate by reference the foregoing paragraphs.

88. Defendants Jayco and Camping World are suppliers of consumer products engaged in the business of making vehicles directly or indirectly available to consumers.

89. Defendants Jayco and Camping World failed to comply with their warranty obligations, whether as warrantors or authorized providers of warranted repair services or both, in the following particulars:

   a. In failing to provide Plaintiffs with an RV which was free from defects;

   b. In failing to provide Plaintiffs with a new RV which was comprised of original manufacturer equipment rather than secondary-market equipment;

   c. In failing to provide Plaintiffs with an RV of fair average quality for goods of that type;

   d. In failing to provide Plaintiffs with an RV which was fit for the ordinary purposes for which such vehicles are used; and

    e. In failing to properly repair, replace, or adjust defects in the RV's parts and/or workmanship.

90. Plaintiffs have afforded Defendants Jayco and Camping World a reasonable opportunity to cure their failure to comply with their warranty obligations.

91. Defendants Jayco and Camping World have failed to cure the non-conformities of Plaintiffs' RV.

92. Defendants Jayco and Camping World have refused to cure the non-conformities of Plaintiffs' RV.

93. Plaintiffs have requested return or refund of their RV to Defendants Jayco and Camping World, however Defendants have refused to accept.

94. Plaintiffs continue to stand ready to return the RV in exchange for a refund of their money.

95. Plaintiffs have complied with the requirements of 15 U.S.C. 2301 *et seq.* to the best of their ability.

96. As a direct and proximate result of the acts described herein, Defendants Jayco and Camping World have violated 15 U.S.C. 2301 *et seq*, commonly known as the Magnuson-Moss Warranty Act, and as a direct and proximate result of Defendants' violations, Plaintiffs have suffered actual, consequential, and incidental damages, and they have incurred attorney's fees and costs in bringing this action.

## FOURTH CAUSE OF ACTION
## (NEGLIGENCE)

97. Plaintiffs incorporate by reference the foregoing paragraphs.

98. Defendants Jayco and Camping World owed a duty to Plaintiffs in one or more of the following particulars:

    a. To inspect, examine, and know the true condition of the RV offered for sale;

    b. To truthfully and completely inform consumers of the condition and quality of the RV offered for sale;

    c. To notify consumers that original manufacturer equipment in the RV has been replaced with secondary market equipment;

    d. To repair or remedy any defects in the RV sold with a limited warranty; and

    e. To do those things which a reasonable and prudent person would do under the circumstances at the time.

99. Defendants Jayco and Camping World failed to perform one or more of the aforementioned duties.

100. As a result of the negligence, carelessness, recklessness, willfulness, and wantonness of Defendants Jayco and Camping World, Plaintiffs have been damaged in that they have lost the benefit of the property they purchased from Defendants, they have had to pay interest on a debt on the RV, they have paid insurance for the RV, they have paid taxes on the RV, and they have had to incur additional costs to make up for the benefits of the RV they lost.

101. Plaintiffs demand actual and punitive damages, together with prejudgment interest and the costs and disbursements of this action.

## FIFTH CAUSE OF ACTION
## (NEGLIGENT MISREPRESENTATION)

102. Plaintiffs incorporate by reference the foregoing paragraphs.

103. Defendants Jayco and Camping World made false representations to Plaintiffs.

104. Defendants Jayco and Camping World had a pecuniary interest in making these representations.

105. Defendants Jayco and Camping World owed a duty of care to communicate truthful information to Plaintiffs.

106. Defendants Jayco and Camping World breached that duty by failing to exercise due care.

107. Plaintiffs justifiably relied on representations made by Defendants Jayco and Camping World.

108. Plaintiffs have been damaged in that they have lost the benefit of the property they purchased from Defendants Jayco and Camping World, they have had to pay interest, insurance, and taxes on said property, they have lost the use of said property, they have lost money, and they have had to incur additional costs to make up for the benefits of the property they lost.

109. As a direct and proximate result of misrepresentations by Defendants Jayco and Camping World, Plaintiffs were damaged, thereby entitling Plaintiffs to actual and punitive damages together with prejudgment interest and the costs and disbursements of this action.

### SIXTH CAUSE OF ACTION
### (FRAUD AS TO CAMPING WORLD)

110. Plaintiffs incorporate by reference the foregoing paragraphs.

111. Defendant Camping World's agents and employees made false representations of material fact to Plaintiffs.

112. Defendant Camping World's agents and employees knew or should have known that the representations made to Plaintiffs were false.

113. Plaintiffs were unaware of the falsity of the representations and at the time the representations were made Plaintiffs were unable to discover the falsity of the representations made by Defendant Camping World.

114. Defendant Camping World's agents and employees intended that Plaintiffs rely upon their misrepresentations of material fact concerning the condition of the vehicle.

115. Plaintiffs had a right to rely, and did rely, upon the represntations made by Defendant Camping World's agents and employees.

116. Defendant Camping World's agents and employees' failure to disclose to Plaintiffs the condition of the RV, whether at the time of sale or subsequently, including the removal of original manufacturer equipment and its replacement with secondary market equipment, constitutes affirmative fraud, fraudulent concealment, or nondisclosure of material facts regarding the transaction.

117. As a result of Defendant Camping World's agents and employees' fraud, Plaintiffs have been damaged in that they have lost the benefit of the property they purchased from Defendants Jayco and Camping World, they have had to pay interest, insurance, and taxes on said property, they have lost the use of said property, they have lost money, and they have had to incur additional costs to make up for the benefits of the property they lost.

118. As a direct and proximate result of the fraud by Defendant Camping World, Plaintiffs were damaged, thereby entitling Plaintiffs to actual and punitive damages together with prejudgment interest and the costs and disbursements of this action.

## SEVENTH CAUSE OF ACTION
## (UTPA VIOLATION)

119. Plaintiffs incorporate by reference the foregoing paragraphs.

120. The aforementioned acts and practices of Defendants Jayco and Camping World were unfair and deceptive.

121. The aforementioned acts and practices of Defendants Jayco and Camping World are against the public interest and that these acts and practices are capable of repetition.

122. The aforementioned acts and practices of Defendants Jayco and Camping World were willful in that Defendants knew or should have known that their conduct was

unfair and deceptive and, therefore, a violation of South Carolina's statutes concerning unfair and deceptive acts and practices.

123. As a result of the aforementioned acts and practices of Defendants Jayco and Camping World, Plaintiffs have been damaged in that they have lost the benefit of the property they purchased from Defendants Jayco and Camping World, they have had to pay interest, insurance, and taxes on said property, they have lost the use of said property, they have lost money, and they have had to incur additional costs to make up for the benefits of the property they lost.

124. As a result of the aforementioned acts and practices of Defendants Jayco and Camping World Plaintiffs are entitled to actual damages, treble (3 times) actual damages, together with attorney's fees and the costs and disbursements of this action.

**WHEREFORE**, Plaintiffs pray for judgment against Defendants Jayco and Camping World as follows:

A. For an injunction against Defendants to prevent them from conducting business in the manner described above and to require Defendants to notify consumers when the original manufacturer's equipment in a vehicle has been replaced with secondary market equipment and/or when a vehicle is damaged or defective prior to the consumer buying the vehicle.

B. In the first cause of action, for the return of the RV to either of Defendants along with a full refund of the cost of the RV plus Plaintiffs' actual damages together with the costs and disbursements of this action.

C. In the second cause of action, a full refund of the cost of the RV plus Plaintiffs' actual, consequential, and incidental damages together with the costs and disbursements of this action.

D. In the third cause of action, a full refund of the cost of the RV, or in the alternative, actual, consequential, and incidental damages, together with reasonable attorney's fees and costs as provided by 15 U.S.C. 2301 *et seq.*

E. In the fourth cause of action, actual and punitive damages, together with prejudgment interest and the costs and disbursements of this action.

F. In the fifth cause of action, actual and punitive damages, together with prejudgment interest and the costs and disbursements of this action.

G. In the sixth cause of action, actual and punitive damages, together with prejudgment interest and the costs and disbursements of this action.

H. In the seventh cause of action, three times Plaintiffs' actual damages, together with attorney's fees and costs and the costs and disbursements of this action.

I. For either of Defendants to receive the Plaintiffs' RV, the Plaintiffs to receive their money back, for the loan on the RV to be paid off, and for any other damages caused by Defendants' actions.

J. For an award of reasonable attorney's fees.

K. For such other and further relief as this Court deems just and proper.

THE LAW OFFICES OF JOSHUA E. SLAVIN, LLC

*/s/ Joshua Slavin*
Joshua E. Slavin
746 Wakendaw Blvd
Mount Pleasant, SC 29464
Phone: 843-619-7338
Fax: 888-246-8914
Email: josh@attorneycarolina.com
SC Bar ID: 102912
Attorney for the Plaintiff

November 1, 2018
Mount Pleasant, SC