UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FILE NO. 2:18-CV-03345-DCN

CHARLES LEE AND SUSAN CANTOS
LEE,

           Plaintiffs,

   vs.

JAYCO, INC., AND HOLIDAY KAMPER
COMPANY OF COLUMBIA, LLC d/b/a
CAMPING WORLD RV SALES,
           Defendants.

**DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO TRANSFER VENUE**

Defendants Jayco, Inc. ("Jayco") and Holiday Kamper Company of Columbia, LLC d/b/a Camping World RV Sales ("Camping World") (hereinafter collectively "Defendants"), through counsel, and pursuant to Local Rules 7.04 and 7.05, submit the following memorandum of law in support of their Motion to Transfer Venue.

**NATURE OF THE CASE**

Plaintiffs originally filed suit against Defendants on November 1, 2018 in the Court of Common Pleas for the 9th Judicial Circuit in Charleston County, South Carolina. Plaintiffs allege claims sounding in Revocation of Acceptance, Breach of Contract, Violation of Magnuson-Moss Warranty Act, Negligence, Negligent Misrepresentation, Fraud, and South Carolina Unfair Trade Practices Act violations related to a recreational vehicle purchased by Plaintiffs and sold and/or manufactured by Defendants. Defendants timely filed Notice of Removal to this Court on December 11, 2018 based on federal question jurisdiction. Defendants now move to transfer venue of this matter to the United States District Court for the Northern District of Indiana pursuant to the forum-selection clause contained in the Limited Warranty applicable to the subject vehicle.

## STATEMENT OF THE FACTS

Jayco is an Indiana corporation engaged in the assembly of recreational motor vehicles. This matter arises out of Plaintiffs' purchase and use of a 2017 Jayco 31UL Precept Class A Recreational Vehicle ("RV") from Camping World on November 2, 2016 for a base price of $148,695.00.  (D.E. 1-3, Plaintiffs' Complaint ("Compl")  Plaintiffs allege, *inter alia*, that the RV is defective and that Defendants breached express and implied warranties, thereby entitling Plaintiffs to revoke their acceptance of the vehicle and recover the full purchase price, together with expenses and costs, under the Magnuson-Moss Warranty Act.  (D.E. 1-3, Compl.)

Initially, this action was filed in Court of Common Pleas for the 9th Judicial Circuit in Charleston County, South Carolina.  (D.E. 1-3, Compl.)  Defendants timely removed the suit to the United States District Court for the District of South Carolina.  (D.E. 1-1, Notice of Removal)  Defendants assert that venue in the state court action was improper, and seek transfer of the action to the United States District Court for the Northern District of Indiana.

The Motion before the Court seeks enforcement of a forum selection and choice-of-law provision contained in Jayco's Limited Warranty, attached to the Motion as Exhibit A.  Pursuant to the Limited Warranty:

> The courts within the state of manufacture, Indiana, have exclusive jurisdiction for deciding legal disputes relating to alleged breach of warranty or representations of any nature.  The laws governing disputes or claims arising out of the sale, purchase or use of the motorhome shall be those of the state of manufacture, Indiana.  This warranty gives you specific legal rights.  You may also have other rights, which vary from state to state and province to province.

Exhibit A, Limited Warranty.  Therefore, Defendants respectfully request that this Court transfer venue of this matter to the United States District Court for the Northern District of Indiana.

## ARGUMENT

**PURSUANT TO THE FORUM-SELECTION CLAUSE CONTAINED IN JAYCO'S LIMITED WARRANTY AND AGREED TO BY PLAINTIFFS, THIS ACTION SHOULD BE TRANSFERRED TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF INDIANA.**

28 U.S.C. 1404(a) provides for transfer of any civil action for convenience of parties and witnesses and in the interest of justice "to any other district or division where it might have been brought."  When a § 1404(a) motion is based on a forum-selection clause, that clause can be "a significant factor that figures centrally in the district court's calculus."  Young v. PMAC Lending Services, No. 2:15-cv-3865-PMD, 2015 WL 777693, at *1 (D.S.C. December 2, 2015); See also Sagittarius Sporting Goods Co., Ltd. v. LG Sourcing, Inc., 162 F.Supp.3d 531, 535 (D.S.C. 2016) (citing Atl. Marine Constr. Co. v. U.S. Distr. Court W. Dist. Tex., 134 S. Ct. 568, 575 (2013)) ("When the question as to whether the Court should enforce a forum selection clause under Section [1404(a)] arises, 'a district court should transfer the case unless extraordinary circumstances unrelated to the convenience of the parties clearly disfavor transfer.'")

While in a typical § 1404(a) case, the court would consider various factors to analyze the convenience of the parties or the interests of justice, "the calculus changes when the parties' contract contains a valid forum-selection clause which represents the parties' agreement as to the most proper forum."  Kentwool Co. v. NetSuite, Inc., No. 6:14-cv-02678, 2014 WL 12681605, at *1 (D.S.C. December 1, 2014) (citing Atl. Marine Constr. Co., 134 S. Ct. at 581).  Specifically, where a motion to transfer invokes a forum-selection clause, the court must first (1) determine whether the clause is enforceable, and then (2) conduct a limited balancing analysis of the factors set forth in 28 U.S.C. § 1404(a).  Young, 2015 WL 777693, at *1; See also Atl. Marine Constr. Co., 134 S. Ct. at 582.

3

1.     The Forum Selection Clause Contained in the Limited Warranty is Valid.

"[W]hen parties to a contract confer jurisdiction and venue on a particular court, as a general matter federal common law directs courts to favor enforcement of the agreement, so long as it is not unreasonable." Albermarle Corp. v. AstraZeneca UK Ltd., 628 F.3d 643, 649 (4th Cir. 2010) (citing The Bremen v. Zapata Off-Shore Co., 407 U.S. 1 (1972)).  "A party challenging the enforceability of a forum-selection clause has a 'heavy burden of proof,' to 'clearly show that enforcement would be unreasonable and unjust.'" Young, 2015 WL 7776932, at *2 (citing The Bremen, 407 U.S. at 15-17); See also Sagittarius, 162 F.Supp.3d at 535 (citing Atl. Marine Constr. Co., 134 S. Ct. at 575 ("[A] forum selection clause must be "given controlling weight in all but the most exceptional cases.")    Under The Bremen, a forum-selection clause may be found unreasonable if:

> (1) [its] formation was induced by fraud or overreaching; (2) the complaining party 'will for all practical purpose be deprived of his day in court' because of the grave inconvenience or unfairness of the selected forum; (3) the fundamental unfairness of the chosen law may deprive the plaintiff of a remedy; or (4) their enforcement would contravene a strong public policy of the forum state.

Albermarle, 628 F.3d at 651 (quoting Allen v. Lloyd's of London, 94 F.3d 923, 928 (4th Cir. 1996) (summarizing The Bremen factors)).

A.     *The forum-selection clause was not induced by fraud or overreaching.*

In interpreting the Fourth Circuit's application of The Bremen factors, the court in Varnadore noted that the Fourth Circuit's "use of a bracketed 'its' in summarizing the first factor refers back to the term 'forum selection clause.'" Varnadore v. Nationwide Mut. Ins. Co., No. 3:13-cv-01777-CMC, 2013 WL 4504770, at *4 (D.S.C. August 22, 2013).  Therefore, the court in Varnadore reasoned that the consideration of fraud or overreaching should focus on the forum-selection clause itself, rather than the contract as a whole. Id., 2013 WL 4504770, at *4. See

4

Scherk v. Alberto-Culver Co., 417 U.S. 506, 519 n. 14 (1974) (noting that this first factor under

The Bremen analysis "does not mean that any time a dispute arising out of a transaction is based

upon an allegation of fraud, as in this case, the clause is unenforceable.  Rather, it means that an

arbitration or forum-selection clause in a contract is not enforceable *if the inclusion of that clause*

*in the contract* was the product of fraud or coercion.")  (emphasis added).  In the present case,

there is no allegation or other indication that the forum-selection clause contained in the Limited

Warranty and agreed to by the Plaintiffs was the product of fraud or overreaching.

        B.     *Plaintiffs will not be deprived of their day in court because of the selected forum.*

In Varnadore, Plaintiff argued that the financial difficulties presented by being forced to

prosecute his claim in a different forum resulted in a grave inconvenience or unfairness with

respect to the selected forum.  Varnadore, 2013 WL 4504770, at *6.  The court rejected Plaintiff's

arguments noting that Plaintiff does not "suggest any greater inconvenience or difficulty than

would be faced by any person required to pursue litigation, if at all, in a state other than his home

state."  Id., 2013 WL 4504770.  Furthermore, the Supreme Court in The Bremen noted that

"[w]hatever inconvenience [the party opposing transfer] would suffer by being forced to litigate

in the contractual forum as it agreed to do was clearly foreseeable at the time of contracting."  The

Bremen, 407 U.S. at 17-18.  Similarly, in the present case, an appropriate forum exists for Plaintiffs

to prosecute their claims in the United States District Courts for the Northern District of Indiana.

As in The Bremen, any inconvenience or difficulty claimed by Plaintiffs would have been "clearly

foreseeable" at the time of purchase and no greater than any other person required to pursue

litigation in another state.

C.     *The law of Indiana will not result in a fundamental unfairness to deprive Plaintiffs of a remedy.*

Indiana law recognizes the causes of action pled in Plaintiffs' Complaint.  See Varnadore, 2013 WL 4504770, at *7 (rejecting the idea of fundamental unfairness where Plaintiff conceded that he had a remedy available under the other state's law).  Therefore, as the law of Indiana does not create any fundamental unfairness such that Plaintiffs will be deprived of a remedy, the third factor under The Bremen does not present an impediment to enforcement of the parties' forum-selection clause.

D.     *The enforcement of the forum-selection clause would not contravene a strong public policy of South Carolina.*

To the extent Plaintiffs rely on S.C. Code Ann. § 15-7-120(A)[1] to allege the existence of a public policy against enforcement of forum-selection clauses in South Carolina, such an argument has been rejected by the Fourth Circuit.  In Albermarle, the Fourth Circuit specifically held that § 15-7-120(A) did not manifest a strong public policy against enforcement of forum-selection clauses.  Albermarle, 628 F.3d at 651-52.  See also Varnadore, 2013 WL 4504770, at *7 (analyzing the Fourth Circuit's decision in Albermarle and noting that "South Carolina courts and federal courts sitting in South Carolina have enforced forum-selection clauses in contracts, notwithstanding the existence of § 15-7-120(A).").  Furthermore, the Supreme Court in The Bremen, "held that contrary to judicial disfavor of forum selection clauses such as that manifested in the South Carolina statute, in federal court, forum selection clauses enjoy a presumption of enforceability."  Albermarle, 628 F.3d at 652.  As the subject forum-selection clause would not contravene any strong public policy, Plaintiffs cannot satisfy the fourth factor under The Bremen.

---

[1] S.C. code Ann. § 15-7-120(A) provides:  "Notwithstanding a provision in a contract requiring a cause of action arising under it to be brought in a location other than [South Carolina] . . . the cause of action alternatively may be brought in [South Carolina]."

6

For the reasons stated above, Plaintiffs cannot meet their burden of proving that the forum-selection clause in the Limited Warranty is invalid under the factors set forth in The Bremen.

2. Under § 1404(a), This Case Is Appropriate For Transfer to the North District of Indiana.

"In the typical case not involving a forum-selection clause, a district court considering a § 1404(a) motion . . . must evaluate both the convenience of the parties and various public-interest considerations." Young, 2015 WL 7776932, at *4 (citing Atl. Marine Constr. Co., 134 S. Ct. at 581. Where, however, a court first determines the validity of a forum-selection clause under The Bremen, such a determination displaces most of the analysis under § 1404(a). Young, 2015 WL 7776932, at *4. Specifically, the Supreme Court in Atl. Marine Constr. Co. noted that when a § 1404(a) motion involves a valid forum-selection clause, the district court "must deem the private-interest factors to weigh entirely in favor of the preselected forum." Young, 2015 WL 7776932, at *4, citing At. Marine Constr. Co., 134 S. Ct. at 582.

When analyzing public interest considerations under § 1404(a), such factors "may include the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; and the interest in having the trial of a diversity case in a forum that is at home with the law." Sagittarius, 162 F.Supp.3d at 535 (quoting Atl. Marine Constr. Co., 134 S. Ct. at 584 n. 6). Still, "[b]ecause those factors will rarely defeat a transfer motion, the practical result is that the forum selection clause should control except in unusual cases." Sagittarius, 162 F.Supp.3d at 535 (quoting Atl. Marine Constr. Co., 134 S. Ct. at 582).

In the present case, there is no indication that court congestion is an issue in the district courts in South Carolina or Indiana. In addition, this case is not based on diversity jurisdiction. Therefore, those two public interest factors neither favor nor disfavor transfer. See Sagittarius, 162 F.Supp.3d at 536. With respect to the local interest in having localized controversies decided

7

at home, the principal place of business for Jayco, the alleged wrongdoer, is located in Middlebury, Indiana.  Therefore, the local interest factor weighs in favor of transfer.  See Sagittarius, 162 F.Supp.3d at 536 ("The local interest in having localized controversies decided at home weighs in favor of transfer inasmuch as the principal place of business for the alleged wrong-doer, Defendant LGS, is located in Wilkes County, North Carolina.")  As the public interest factors do not weigh against transfer, and as a forum-selection clause must be "given controlling weight in all but the most exceptional cases," Sagittarius, 162 F.Supp.3d at 536 (quoting Atl. Marine Constr. Co., 134 S. Ct. at 579). the present case is appropriate for transfer under 28 U.S.C. § 1404(a).

## CONCLUSION

For the reasons stated herein, and as set forth in the Motion, Defendants respectfully request that this Court transfer venue of this matter to the United States District Court for the Northern District of Indiana.


DATED:  January 7, 2019.

YOUNG MOORE AND HENDERSON P.A.


BY:    /s/ Robert C. deRosset
       ROBERT C. deROSSET
       S.C. State Bar # 11106
       3101 Glenwood Avenue, Suite 200
       Post Office Box 31627
       Raleigh, NC  27622
       Ph:  919-782-6860
       Fax:  919-782-6753
       Email:  bob.derosset@youngmoorelaw.com
       *Attorneys for Defendants*